RECEIVED
IN LAKE CHARLES, LA

MAR - 9 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY AND UNION PACIFIC RAILROAD COMPANY | : | DOCKET NO. 06-0062 |
| VS. | : | JUDGE TRIMBLE |
| THE TOWN OF VINTON, LOUISIANA, ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is a motion titled "The Court Should Dismiss Plaintiff's Claims for Lack of Subject Matter Jurisdiction" (doc. #5) wherein the mover is seeking to have this Court realign the parties which would result in this case being dismissed due to lack of diversity jurisdiction. For the following reasons, the motion will be denied.

### FACTUAL STATEMENT

The Complaint makes the following allegations. On or about July 22, 2005, Patsy Ardoin was operating a 1997 Dodge truck in Vinton, Louisiana. Defendant, Derrick J. Cezar, owned the truck being driven by Ms. Ardoin. At approximately 1:05 p.m., Ms. Ardoin drove the truck into the path of a BNSF Railway Company ("BNSF") locomotive at the Eddy Street railroad crossing resulting in a collision with the locomotive and the truck. Jasmine Cezar, age 4, was an unrestrained passenger in the truck. Jasmine suffered severe injuries as a result of the collision to the extent that she may be partially paralyzed. Ms. Ardoin was killed.

Prior to the accident, the State of Louisiana through the Department of Transportation closed the subject railroad crossing in the interest of safety. Thereafter, the Town of Vinton, contrary to the State's action, mandated that the State reopen the crossing. Accordingly, the State directed Union

Pacific Railroad Company ("Union Pacific") to do so. The Complaint alleges that Ms. Ardoin, Mr. Cezar, and the Town of Vinton were negligent and/or at fault. Plaintiffs, BNSF and Union Pacific make demand for property damages and damages in the form of business interruption as a result of the collision. Plaintiffs also seek a judgment declaring that the cause of the collision and resulting damages was the negligence and/or fault of third parties including but not limited to Pasty Ardoin, Derrick J. Cezar, and/or the Town of Vinton, for whom neither Plaintiff is responsible.

## LAW AND ANALYSIS

The instant action is before this Court based on diversity jurisdiction. Defendants assert that the Plaintiffs have misaligned the parties in an attempt to create diversity jurisdiction where none really exists. Defendants allege that there is no dispute between the Plaintiff and the Town of Vinton and that the Town of Vinton's interests are aligned with the Plaintiffs – against the Cezars and Ms. Ardoin. Such realignment will result in at least one Louisiana resident on each side of the dispute causing a lack of complete diversity.

Defendants cite *City of Indianapolis v. Chase Nat'l Bank*,[1] for their position that there must be an actual substantial controversy between citizens of different states in order to support a finding of diversity jurisdiction. In *City of Indianapolis*, a New York corporation filed suit against three defendants in federal court based on diversity. The three named defendants were citizens of Indiana. The Supreme Court explained that there must be an actual, substantial controversy between citizens of different states to sustain diversity jurisdiction and the court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute."[2] Whether the "necessary collision of

---

[1] 314 U.S. 63, 69, 62 S.Ct. 15 (1941).

[2] *Id.* at 69, 62 S.Ct. at 17.

2

interest exists" must be determined "from the principal purpose of the suit, and the primary controlling matter in dispute."[3] Because the original plaintiff and one of the named defendants both sought to have the lease at issue enforced, that defendant was realigned as a plaintiff, destroying complete diversity.

Plaintiffs assert that because they have asserted a *bona fide* claim for damages against all of the named defendants, including the Town of Vinton, realignment is not warranted relying on *Zurn Industries, Inc. v. Acton Construction Co., Inc.*[4] In *Zurn*, the plaintiff sought damages for additional work it performed in an attempt to repair and modify a component. It alleged that the failure of the component was due to the part's negligent design or the plant owner's operational error. The district court concluded there were two primary claims in the suit: (1) a design claim, and (2) a claim concerning the construction of the component. The court also concluded that the plant owner – originally named as a defendant– was the real plaintiff in interest on both claims. The district court realigned the parties accordingly which destroyed diversity.

In reversing, the Fifth Circuit held that the district court's realignment was improper. The Fifth Circuit analyzed the *City of Indianapolis* case and ruled that it did not warrant the district court's consideration of all of the various claims asserted by all of the parties and the determination of which of those claims were the "primary" claims.[5] The court stated that "[t]he objective of *City of Indianapolis* realignment is only to insure that there is a *bona fide* dispute between citizens of different states." It further stated that the determination of the "primary and controlling matter in dispute' is to be determined from the plaintiff's principal purpose for filing the suit and does not include claims of

---

[3] *Id.*

[4] 847 F.2d 234 (5th Cir. 1988).

[5] *Zurn Industries*, 847 F.2d at 237.

3

the other parties.[6] The Court explained that the fact that the named defendants had disputes amongst one another and against the original plaintiff was irrelevant, and the fact that the property owner's claims against all of the other parties was worth more than the original plaintiff's claim was also irrelevant. The Court ultimately held that since the original plaintiff asserted a *bona fide* claim against all of the named defendants, realignment by the district court was improper.[7]

In its Complaint, Plaintiffs have alleged that they sustained property damage and business interruption damage as a result of the collision. They further allege that the sole proximate cause of the accident and resulting damages was the negligence and/or fault of Patsy Ardoin, Derrick J. Cezar, and the Town of Vinton. Accordingly, there is a *bona fide* dispute between the citizens of different states and it would be improper for this Court to realign the parties as requested by the Town of Vinton.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] *Id.*

[7] *Id.* at 237.