U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 1 0 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BNSF RAILWAY, ET AL | CIVIL ACTION NO.06-0062 |
| -vs- | |
| THE TOWN OF VINTON, LOUISIANA, ET AL | JUDGE TRIMBLE |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. # 41] on behalf of BNSF Railway Company and Union Pacific Railroad Company ("Plaintiffs"), a Motion for Summary Judgment [Doc. # 37] on behalf of the Town of Vinton ("Vinton Defendant"), a Motion to Dismiss [Doc. # 40] on behalf of the estate of Patsy Ardoin and Derrick Cezar, individually and on behalf of four minor children ("Cezar Defendants"), as well as a Motion to Strike Jury Demand [Doc. # 65] on behalf of Plaintiffs. For the reasons discussed herein, Cezar Defendants' Motion to Dismiss is GRANTED. All other motions are, accordingly, DENIED for lack of jurisdiction.

## BACKGROUND

The instant case concerns a tragic collision between a train operated by BNSF Railway Company and an automobile operated by Patsy Ardoin ("Ardoin") which occurred on July 22, 2005 at the Eddy Street railroad crossing in the town of Vinton, Louisiana. The uncontroverted evidence of this case shows that Ardoin arrived at the railroad crossing and,

obeying the stop sign posted thereby, stopped her vehicle. Eyewitness accounts state that, for reasons yet unknown, Ardoin then advanced forward, onto the railroad track, thereby placing her vehicle directly in the path of the train. Ardoin was fatally injured in this collision and her five-year-old daughter, a passenger in the vehicle, sustained significant injury.

As reflected in the various pleadings before the Court, Plaintiffs filed the instant suit on January 18, 2006. Plaintiffs seek compensation for property damage to the train involved in the accident, as well as for work stoppage along the track comprising the accident scene. Plaintiffs also seek a declaratory judgment of non-liability as to the accident forming the basis of this suit. Cezar Defendants did not assert counterclaims against plaintiffs in this forum, filing suit, instead, in Texas state court on February 2, 2006. Thus, the underlying claims of defendants' injury and loss associated with the accident in question are not considered by this Court.

## **LEGAL STANDARD**

In evaluating a motion to dismiss, the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995). In other words, the plaintiff must provide factual assertions in the complaint that, if taken as true, could lead to relief. While failure to provide facts to support a claim may lead to dismissal under FED. R. CIV. P. 12(b)(6), the court must construe the complaint liberally. Kane

2

Enters. v. MacGregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003). "[C]onclusory allegations or unwarranted deductions of fact" are not sufficient, however, to avoid dismissal. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation marks omitted). Instead, the "plaintiff must plead specific facts." Id. (citation and quotation marks omitted). In addition, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Even if the factual allegations are not conclusory, though, the court will still dismiss a claim if the law does not provide redress for the claim. In other words, dismissal may be appropriate because "the law simply may not afford relief on the basis of the facts alleged in the complaint." Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990). As such, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). Motions to dismiss are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005)

## DISCUSSION

### A. Diversity Jurisdiction

Plaintiffs brought suit in this Court claiming federal diversity jurisdiction. Plaintiffs are comprised of BNSF Railway Company and Union Pacific Railroad Company, Delaware corporations having principal places of business in Texas and Nebraska, respectively. Cezar defendants are residents of Louisiana, as is Vinton defendant. Although, as stated in this

3

Court's earlier ruling as to jurisdiction [Doc. # 8], we find that a *bona fide* controversy exists between citizens of differing states, as required under 28 U.S.C. § 1332, we find that plaintiffs' claims do not meet the amount-in-controversy requirements also contained in that statute.

Plaintiffs allege damages to their train and economic losses resulting from work stoppage during the clearing and processing of the accident scene. Although photographs attached to Cezar defendant's memorandum in opposition to plaintiff's motion for summary judgment [Doc. # 53] do show damage to the front end of the engine car, we cannot, based on this small amount of evidence, presume damages at or above the requisite $75,000.00. Plaintiffs are entitled, generally, to the good faith presumption that their claims meet the amount-in-controversy requirement, but are not entitled to such presumption when the evidence overwhelmingly demonstrates that plaintiff's claim is worth far less. Scherer v. Equitable Life Assurance Society of U.S., 347 F.3d 394, 397 C.A. 2 (N.Y.), October 16, 2003, citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Here, Plaintiff has presented little if any documentation to reflect losses due to property damage or work stoppage. Pictures (Ex. A to Doc. #53), as well as the expert report of Calvin Nelson [Ex. 3 to Doc. # 40], transportation consultant, demonstrate that damages sustained by BNSF Railways' train are truly "minimal," (a term used in the expert report of Calvin Nelson to mean less than $50,000.00 in damages "in current dollar value") and do not rise to the jurisdictional threshold. Likewise, Union Pacific Railroad's claim for business loss is also minimal at

4

best, as both parties agree that the accident was cleared and normal business was resumed in a matter of a few hours. For these reasons, we cannot assume the value of Plaintiffs' claims rise to the level necessary to invoke federal jurisdiction in this case.

Plaintiffs also seek to assert the required amount-in-controversy by requesting declaratory relief in the form of a judgment of non-liability as to the accident forming the basis of this suit. Plaintiffs direct the Court's attention to the Fifth Circuit's decision in Sherwin-Williams Company v. Holmes County, 343 F.3d 383 (5th Cir. 2003). In that case, plaintiff paint manufacturer filed suit for declaratory judgment as to liability issues surrounding lead content in paint used in Mississippi schools. As in the instant case, defendants to the declaratory action withheld counterclaims and, instead, filed suit on these claims in state court. The district court dismissed the federal action. The U.S. Fifth Circuit Court of Appeals applied the factors set forth in its earlier ruling in Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000):

> "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams* at 387.

Finding that the district court properly concluded that plaintiff's claims were justiciable and that it had authority to grant the declaratory relief sought, the Fifth Circuit turned its attention toward the more subjective third question of discretion. In determining whether or not to exercise discretion in declaratory judgment actions, the appellate court held that district courts should consider the seven factors enunciated in

5

St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994). After application of the seven factors, which include efficiency, necessity of interpretation of federal law, existence of pending state suit, and the effect of declaratory judgment on potential parties plaintiff, the Court reversed the district court's dismissal of the declaratory action and remanded the case for further proceedings consistent therewith. Although these authorities do support plaintiff's contention that it is within the discretion of this Court to grant, or not to grant, declaratory relief, we find more persuasive authority in the recent Fifth Circuit case of Aries Marine Corp. v. Lolly, 2006 WL 681184 (W.D.La.).

In Aries Marine Corp. v. Lolly, the Lafayette division considered a suit by plaintiff requesting declaratory judgment as to the defendant's right to maintenance and cure payments under maritime law. After consideration of the above enumerated Orix and Trejo factors, the Court concluded that plaintiffs were not entitled to declaratory relief and dismissed the suit. Specifically, the Court found that although the declaratory action was justiciable and it had authority to grant declaratory relief, such relief was not a proper exercise of its discretion because such declaratory judgment would controvert the intended purposes of the Declaratory Judgment Act, forcing plaintiffs to assert claims in forums and at times over which they have no control. Aries at 3, citing Traveler's Insurance Company v. Louisiana Farm Bureau Federation. 966 F.2d 774, 776-77 (5th Cir. 1993).

Applying these authorities to the instant case, we find that the declaratory action is justiciable, as this Court has already affirmed the existence of a *bona fide* controversy

6

between citizens of differing states in an earlier ruling [Doc. # 8]. Although circuits have reached differing results with respect to the propriety of declaratory judgments of non-liability for prospective tort defendants, we find that a grant of such relief is contrary to the purposes for which the Declaratory Judgment Act was intended. While the Declaratory Judgment Act is an "enabling act," as cited by Plaintiffs in their memorandum in support of summary judgment, it is not properly used when invoked for the purpose of selecting a forum for which no other jurisdictional basis can be asserted. Although we find ample evidence to suggest that Defendants in this suit have engaged in forum-shopping in their own right, we cannot provide remedy by way of improper statutory construction. Similarly, while we find great merit in Plaintiffs' evidentiary basis for non-liability, we cannot render declaratory judgment when such remedy would constitute the sole basis of federal jurisdiction, as there is ample authority to suggest that prospective tort defendants are not entitled to declaratory judgments of non-liability under the Declaratory Judgment Act. Cunningham Brothers, Inc. v. Bail, 407 F.2d 1165. Accordingly, we are bound to place the value of Plaintiffs' claims for declaratory judgment, to which we determine they are not entitled, at zero dollars.

**B.     Federal Question Jurisdiction**

Plaintiffs urge this Court to assert jurisdiction on the additional basis of the existence of a federal question. Specifically, Plaintiffs argue that their claims necessarily involve the Federal Railroad Safety Act (49 U.S.C. § 20101) ("FRSA"). Vinton defendant supports this argument in their discussion of Easterwood v. CSX

Transportation, Inc., 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993) and Norfolk Southern Railway Co. v. Shanklin, 120 S.Ct. 1467, 146 L. Ed. 2nd 374 (2000). Vinton Defendant cites these cases as authority for a finding that plaintiff's claims are those of negligence and, as such, are preempted by federal law under the specific language of the FRSA. 28 U.S.C.A. § 434. While we do find that these cases support Vinton defendant's argument as to federal preemption of state negligence claims, we find no application of that principle in the instant case. Although plaintiffs are correct in their argument that matters of federal law, specifically the duties of plaintiffs and Vinton defendant under the FRSA, will be at issue in this case, the applicable jurisprudence is clear that federal jurisdiction cannot be achieved by asserting a federal law basis for affirmative defenses. *Franchise Tax Board of the State of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 16, 103 S.Ct. 2841, 2849-50, 77 L.Ed.2d 420 (1983).

## CONCLUSION

Plaintiffs fail to provide sufficient evidence to support their claims of property damage and economic losses resulting from work stoppage along the railroad track while the accident scene was cleared. As such, we find that these claims, when considered alone, do not meet the amount-in-controversy requirements so as to provide diversity jurisdiction in this Court. Further, as prospective defendants in tort, plaintiffs are not entitled to declaratory judgment of non-liability. The value of their potential liability in tort is, therefore, not properly considered for purposes of diversity jurisdiction. Additionally, this Court cannot claim jurisdiction on the basis of a federal question, as

issues of federal law are only present as affirmative defenses in a prospective tort action.

For the foregoing reasons, this Court finds that it lacks jurisdiction in this declaratory action and will DISMISS plaintiffs' suit without prejudice. All other pending motions in this matter are, therefore, DENIED for lack of jurisdiction.

Alexandria, Louisiana

_6_ October 2006

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE